**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE EX. REL., NORTHERN OHIO CHAPTER OF ASSOCIATED BUILDERS & CONTRACTORS, INC., *et al.* | ) ) ) | **CASE NO. 1:07 CV 02329** |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| THE METROHEALTH SYSTEM, *et al.* | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| CLEVELAND BUILDING AND | ) | |
| CONSTRUCTION TRADES COUNCIL | ) | |
| 3250 Euclid Ave # 280 | ) | **FIRST AMENDED VERIFIED** |
| Cleveland, Ohio 44115 | ) | **COMPLAINT AND REQUEST** |
| | ) | **FOR DECLARATORY AND** |
| -and- | ) | **INJUNCTIVE RELIEF** |
| | ) | |
| INTERNATIONAL HEAT & FROST | ) | |
| INSULATORS AND ASBESTOS WORKERS | ) | |
| LOCAL 3 | ) | |
| 1617 E. 30th Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| NORTHERN OHIO ADMINISTRATIVE | ) | |
| DISTRICT COUNCIL BRICKLAYERS AND | ) | |
| ALLIED CRAFTSMEN, LOCAL #5 | ) | |
| 5171 Hudson Drive | ) | |
| Hudson, OH 44236 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| | ) | |
| | ) | |

THE INTERNATIONAL BROTHERHOOD OF          )
BOILERMAKERS, IRON SHIP BUILDERS,          )
BLACKSMITHS, FORGERS, AND HELPERS          )
LOCAL LODGE 744                            )
1435 East 13th Street                      )
Cleveland, Ohio 44114-1827                 )
                                           )
-and-                                      )
                                           )
OPERATIVE PLASTERERS' & CEMENT             )
MASONS'                                    )
INTERNATIONAL ASSOCIATION, LOCAL 404       )
1417 East 25th Street                      )
Cleveland, Ohio 44114-2122                 )
                                           )
-and-                                      )
                                           )
INTERNATIONAL UNION OF ELEVATOR            )
CONSTRUCTORS LOCAL 17                       )
3250 Euclid Avenue                         )
Cleveland, OH 44115                        )
                                           )
-and-                                      )
                                           )
INTERNATIONAL UNION OF OPERATING           )
ENGINEERS, LOCAL 18                        )
3515 Prospect Avenue                       )
Cleveland, Ohio 44115-2619                 )
                                           )
-and-                                      )
                                           )
INTERNATIONAL ASSOCIATION OF BRIDGE,       )
STRUCTURAL, ORNAMENTAL, AND                )
REINFORCING IRON WORKERS, LOCAL 17         )
1544 East 23rd Street                      )
Cleveland, Ohio 44114-4290                 )
                                           )
-and-                                      )
                                           )
LABORERS' INTERNATIONAL UNION OF           )
NORTH AMERICA, LOCAL 310, AFL-CIO          )
3250 Euclid Avenue                         )
Cleveland, OH 44115-2520                   )
                                           )
-and-                                      )
                                           )

LABORERS' INTERNATIONAL UNION OF              )
NORTH AMERICA, LOCAL 860, AFL-CIO              )
4220 Prospect Avenue                          )
Cleveland, OH 44103                           )
                                              )
-and-                                         )
                                              )
INTERNATIONAL UNION OF PAINTERS AND           )
ALLIED TRADES DISTRICT COUNCIL 6              )
8257 Dow Circle                               )
Strongsville, OH 44136-1761                   )
                                              )
-and-                                         )
                                              )
THE UNITED ASSOCIATION OF                     )
JOURNEYMEN AND APPRENTICES OF THE             )
PLUMBING AND PIPE FITTING INDUSTRY OF         )
THE UNITED STATES AND CANADA,                 )
LOCAL 120                                     )
6305 Halle Drive                              )
Valley View, OH 44125                         )
                                              )
-and-                                         )
                                              )
THE OPERATIVE PLASTERERS' AND                 )
CEMENT MASONS' INTERNATIONAL                  )
ASSOCIATION OF THE UNITED STATES              )
AND CANADA, LOCAL 80                          )
1651 East 24 Street                           )
Cleveland, OH 44114                           )
                                              )
-and-                                         )
                                              )
THE UNITED ASSOCIATION OF                     )
JOURNEYMEN AND APPRENTICES OF THE             )
PLUMBING AND PIPE FITTING INDUSTRY OF         )
THE UNITED STATES AND CANADA,                 )
LOCAL No. 55                                  )
980 Keynote Circle                            )
Cleveland, OH 44131                           )
                                              )
-and-                                         )
                                              )
                                              )
                                              )
                                              )

3

UNITED UNION OF ROOFERS,                        )
WATERPROOFERS AND ALLIED WORKERS,               )
LOCAL UNION 44                                  )
1651 East 24 Street
Cleveland, OH 44114-4211                        )
                                                )
-and-                                           )
                                                )
SHEET METAL WORKERS' INTERNATIONAL              )
ASSOCIATION LOCAL UNION 33                       )
3666 Carnegie Avenue                            )
Cleveland, OH 44115                             )
                                                )
-and-                                           )
                                                )
INTERNATIONAL BROTHERHOOD OF                    )
TEAMSTERS LOCAL UNION No. 436                   )
6051 Carey Drive                                )
Valley View, OH 44125                           )
                                                )
-and-                                           )
                                                )
INTERNATIONAL BROTHERHOOD OF                    )
ELECTRICAL WORKERS,                             )
LOCAL UNION No. 38                              )
1590 East 23 Street                             )
Cleveland, OH 44114                             )
                                                )
-and-                                           )
                                                )
INTERNATIONAL UNION OF BRICKLAYERS              )
AND ALLIED CRAFTWORKERS,                        )
LOCAL UNION 36                                  )
4205 Chester Avenue                             )
Cleveland, OH 44103                             )
                                                )
-and-                                           )
                                                )
OHIO AND VICINITY REGIONAL COUNCIL              )
OF CARPENTERS, UNITED BROTHERHOOD               )
OF CARPENTERS AND JOINERS OF                    )
AMERICA, LOCAL 21                               )
3615 Chester Avenue                             )
Cleveland, OH 44114                             )
                                                )
        Defendants.                             )

Plaintiffs, The Northern Ohio Chapter of Associated Builders & Contractors, Inc., Taxpayer Michael Dragics, and Taxpayer Industrial Energy Systems, Inc. (referred to collectively as the "Plaintiffs"), by and through their undersigned counsel, hereby file this Verified Complaint and Request for Declaratory and Injunctive Relief ("Complaint") against the above named Defendants and state as follows:

## Jurisdiction

1.     This is a Complaint for injunctive and declaratory relief.  This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 2201.  The rights sought to be secured in this action arise under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 29 U.S.C. § 151 *et. seq*., and the United States Constitution, including but not limited to, Article VI, Clause 2.  Plaintiffs further seek to vindicate their due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution.

2.     This Court has supplemental jurisdiction over Ohio State Law Taxpayer and Constitutional claims alleged herein pursuant to 28 U.S.C. § 1367.

## Venue

3.     Venue is proper within the Federal District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) as all parties to this action reside or conduct business within Cuyahoga County, Ohio, and further the unlawful conduct and the actions complained of herein have occurred within Cuyahoga County and within the jurisdiction of this Court.

## Nature of the Controversy

4.     The focus of this Complaint is an unlawful Project Labor Agreement ("PLA") entered into by Defendants, The MetroHealth System, The MetroHealth System Board of Trustees, and the Cuyahoga County Board of Commissioners (referred to collectively as the

5

"Defendants") with the Cleveland Building and Construction Trades Council and various constituent labor organizations.

5.      This unlawful PLA was included in the contracts for the construction of two roof replacement projects at The MetroHealth System, namely, the Combined Hamann and Bell Greve/CT Roof and HVAC Replacement Projects (formerly known as the "Hamann and Bell Greve Buildings Roof Replacement Capital Construction Project" which has been bid on twice) and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project (referred to collectively as the "Projects").

6.      The operation of the PLA at issue constitutes unlawful regulation by a public entity/authority into the private collective bargaining relationship between employers and organized labor in violation of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et. seq.*, as well as depriving the Plaintiffs of their right to equal protection and due process under the United States Constitution.  Because the PLA at issue is unlawful, all MetroHealth construction contracts for the roof replacement and HVAC Projects must be deemed illegal and void.

7.      Plaintiffs, among other remedies alleged herein, seek to enjoin the application and enforcement of the PLA that Defendants are unlawfully imposing on those who bid and are awarded work on the Projects.  Plaintiffs are entitled to a judgment declaring that this PLA is preempted by the NLRA, and entitled to an order enjoining the Defendants from enforcing this PLA, or otherwise declaring the PLA to be invalid, void and unenforceable.  Plaintiffs also seek a preliminary and permanent injunction requiring Defendants to re-bid all work awarded by Defendants that is subject to this PLA as of the filing date of this Complaint, and such other relief as deemed appropriate.

8.     This Complaint is also a Taxpayers' action seeking to enjoin the application and enforcement of the PLA and further seeks to recover pursuant to Ohio Revised Code Sections 309.12 and 309.13, any public moneys that have been or are about to be misapplied, or otherwise illegally drawn from the County Treasury pursuant to the execution of any contract deemed to be illegal or void because of the PLA at issue herein.  Plaintiff Taxpayers are also entitled to injunctive relief prohibiting enforcement of this unlawful PLA and injunctive relief preventing the award of any current or future construction contracts subject to the terms of this unlawful PLA.

## Parties Involved and Basis for Standing

9.     The Northern Ohio Chapter of Associated Builders & Contractors, Inc.  ("ABC"), is a non-profit corporation organized under the laws of the State of Ohio located at 9255 Market Place West in Broadview Heights, Ohio.

10.     ABC is a trade association of over three hundred and fifty "Merit Shop" associate members and construction contractors, including contractors located in Cuyahoga County and contractors employing residents of Cuyahoga County, some of who have chosen not to affiliate with a labor union.  The "Merit Shop" philosophy as applied to public works projects stands for the proposition that construction projects should be awarded based upon merit rather than union affiliation.

11.     Plaintiff ABC is a local chapter of Associated Builders and Contractors, Inc., which is a national trade association of over twenty-three thousand Merit Shop construction industry associates and contractors.  The objective of ABC and its members is to provide high quality, low cost, and timely construction work, which benefits businesses, consumers and taxpayers.

12.     Plaintiff ABC has associational standing to bring this action as a representative of its members because its members would otherwise have standing to sue in their own right; the interests ABC seeks to protect are related to the trade association's purpose; and neither the claim asserted, nor the relief requested, requires the participation of individual members in the lawsuit.  ABC is filing this action on behalf of its individual member contractors who have been and will continue to be injured by the loss of business opportunity resulting from the enforcement of this unlawful PLA.

13.     Plaintiff, Michael Dragics is a resident of Cuyahoga County and the State of Ohio and has standing to bring this action pursuant Ohio Revised Code Sections 309.12 and 309.13 as a taxpayer of Cuyahoga County and the State of Ohio.

14.     Plaintiff Industrial Energy Systems, Inc. is an Ohio corporation licensed to do business in the State of Ohio and is located in Cuyahoga County.

15.     Plaintiff Industrial Energy Systems, Inc. is a taxpayer of Cuyahoga County and the State of Ohio and has standing to bring this action pursuant to Ohio Revised Code Sections 309.12 and 309.13.

16.     Plaintiff Industrial Energy Systems, Inc. is also a member of ABC who has twice submitted and was the low bidder for the contract for the roof replacement contract on the Combined Hamann and Bell Greve/CT Roof and HVAC Replacement Projects (formerly known as the "Hamann and Bell Greve Buildings Roof Replacement Capital Construction Project") subject to the unlawful PLA.  Plaintiff Industrial Energy Systems, Inc. also has standing to bring this action as the low bidder on one of the Projects.

17.     The MetroHealth System is a public entity/authority and a County Hospital authorized by Ohio Revised Code Sections 339.01 *et. seq*., and is located in the City of Cleveland, County of Cuyahoga, State of Ohio.

18.     The MetroHealth System is a public entity/authority under the governance of the MetroHealth System Board of Trustees, John Does 1 through 10, and the County Cuyahoga Board of County Commissioners.  This Complaint in brought against the MetroHealth System Board of Trustees in their official capacities.

19.     The MetroHealth System receives taxpayer funds from Cuyahoga County, The State of Ohio, and the citizens of Cuyahoga County.

20.     The Cuyahoga County Board of County Commissioners, Jimmy Dimora, Timothy F. Hagan, and Peter Lawson Jones are authorized to create as well as appoint the MetroHealth System Board of Trustees pursuant to Ohio Revised Code Sections 339.01 *et seq*.  The County Commissioners or their designees serve *ex officio* as members of the MetroHealth System Board of Trustees.  This action is brought against the Cuyahoga County Board of Commissioners in their official capacity.

21.     The Cuyahoga County Board of Commissioners and/or the MetroHealth System Board of Trustees, pursuant to Revised Code Sections 339.01 *et. seq*., are authorized to enter into agreements to purchase, acquire, lease, appropriate, construct, improve or renovate a county hospital or hospital facilities.

22.     The MetroHealth System Board of Trustees, with or without the approval or agreement of the Cuyahoga County Board of County Commissioners, has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve/CT

Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

## Parties

23.     The Cleveland Building and Construction Trades Council is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System. (The aforesaid Trades Council and the labor organizations named as defendants in this case are hereinafter collectively referred to as "Defendant Unions").

24.     International Heat & Frost Insulators and Asbestos Workers Local 3 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

25.     The Northern Ohio Administrative District Council of Bricklayers and Allied Craftsmen, Local #5 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

26.     The International Brotherhood of Boilermakers, Iron  Ship Builders, Blacksmiths, Forgers, and Helpers Local Lodge 744 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT

Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

27.    The Operative Plasterers' & Cement Masons' International Association, Local 404 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

28.    The International Union of Elevator Constructors Local 17 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

29.    The International Union of Operating Engineers, Local 18 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

30.    The International Association of Bridge, Structural, Ornamentation, and Reinforcing Iron Workers, Local 17 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

31.    Laborers' International Union of North America, Local 310, AFL-CIO is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the

MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

32.     Laborers' International Union of North America, Local 860, AFL-CIO is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

33.     The International Union of Painters and Allied Trades District Council 6 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

34.     The United Association of Journeymen and apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local 120 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

35.     The Operative Plasterers' and Cement Masons' International Association of the United States and Canada, Local 80 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

36.     The United Association of Journeymen and apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local 55 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

37.     The United Union of Roofers, Waterproofers and Allied Workers, Local Union 44 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

38.     The Sheet Metal Workers' International Association, Local Union 33 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

39.     The International Brotherhood of Teamsters Local Union No. 436 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

40.     The International Brotherhood of Electrical Workers, Local Union No. 38 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the

MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

41.     The International Union of Bricklayers and Allied Craftworkers, Local Union No. 36 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

42.     The Ohio and Vicinity Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, Local 21 is a labor organization that has entered into unlawful PLAs which were included in the contracts for construction of the Hamann and Bell Greve / CT Roof and HVAC Replacement Projects and the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project for The MetroHealth System.

<u>**Relevant Facts**</u>

43.     On or about April 25, 2007, The MetroHealth System Board of Trustees adopted a Resolution dated 4-25-07 with "Addendum A" approving the advertising for bids and a PLA for the General Trades for the South Campus Geriatric Roof Replacement Capital Construction Project and the Hamman and Bell Greve/CT Roof and HVAC Replacement Projects.  (Attached hereto as "Exhibit A").

44.     "Addendum A," part of the MetroHealth System Board of Trustees' Resolution authorizing the implementation of a PLA for the roof replacement Projects explicitly provides,

> Whereas this Resolution is not intended to replace, interfere with, abrogate, diminish, or modify existing local or national collective bargaining agreements in effect during the duration of the Project, insofar as a legally binding agreement exists between the contractor(s) and the affected union(s), except to the extent the provisions of the Resolution are inconsistent with said collective bargaining agreements, in which event, the provisions of the former shall prevail…

45.     Identical PLAs were subsequently drafted and attached to bidding documents and made part of the construction contracts for both MetroHealth Projects (attached as "Exhibit B" and "Exhibit C").  These identical PLAs state in part,

> A.     The scope of this Agreement will apply to all work done in connection with the construction of the Project, including all site work and building construction for complete and occupable (sic) buildings and structures. Once work is complete in a specific area on the Project, and accepted by The MetroHealth System Board of Trustees, this Agreement shall no longer be in effect for that specific area.

> B.     The conditions of this Agreement shall be binding upon all Project contractors and their subcontractors (together referred to as "Employers"). The MetroHealth System Board of Trustees shall require that all work be performed by Employers who are or become bound by a collective bargaining agreement with the appropriate craft union signatory to this agreement.

46.     A plain reading of the PLA and the enabling Resolution reveals that the Defendants are requiring all successful bidders and subcontractors on the Projects to agree to be bound by terms of the PLA, which in turns requires contractors and their subcontractors to become bound by a collective bargaining agreement(s) with the appropriate craft union signatory to the PLA.

47.     The PLA applies to all work done "in connection" with the construction of the Project, including all site work and building construction for complete and occupiable buildings and structures.  Once work is complete in a specific area on the Projects and accepted by the MetroHealth Board of Trustees, the PLA provides that <u>IT</u> shall no longer be in effect for that specific area.

48.     However, the wages, hours and other terms or conditions of employment mandated by the underlying collective bargaining agreement(s) the Defendants required each

contractor and subcontractor to become bound to through the operation of the PLA are applicable to all other private and/or public construction projects that contractors or subcontractors are currently performing during the time span of the PLA.

49.    Furthermore, although the PLA itself terminates upon the completion of work in a specific area of the Projects, the wages, hours and other terms or conditions of employment mandated by the underlying collective bargaining agreement(s) the Defendants require each contractor and subcontractor to become bound to through operation of the PLA do <u>NOT</u> terminate.

50.    Thus, the Defendants, through operation of this PLA, are acting as "market regulators" requiring contractors and subcontractors to become bound by the terms and conditions of various collective bargaining agreement(s) with applicable craft unions signatory to the PLA without limitation.

51.    Specifically, the PLA at issue here is unlawful because (1) it contains no language limiting the scope of the underlying collective bargaining agreements only to the MetroHealth Projects, so that the collective bargaining agreements do not apply to a contractor or subcontractor's present or future work on other construction projects; and (2) the PLA lacks any language which would terminate the underlying collective bargaining agreement(s) a contractor or subcontractor was required to sign upon the termination of the PLA.

52.    PLAs are constitutional and permitted only if the PLA is a "project only agreement."   In order to have a valid "project only agreement," the underlying collective bargaining agreements must be <u>explicitly</u> limited to the scope of the specific project, and then only for the lifetime of that particular project.

16

53.     This PLA requires contractors and their subcontractors, through the terms of the underlying collective bargaining agreements, to become signatory to craft unions during and beyond the duration of the MetroHealth Projects.  As such, the PLA requires a contractor to become bound by the terms of the underlying collective bargaining agreements on present and future work not contemplated within the scope of the Projects.

54.     As such, the PLA entered into by the Defendants runs afoul of the United States Supreme Court's decision in *Building and Constructions Trades Counsel v. Associated Builders & Contractors* (1993), 507 U.S. 218; 113 S. Ct. 1190; 122 L. Ed. 2d 565 (commonly known as "*Boston Harbor*") and is pre-empted by the National Labor Relations Act ("NLRA").

### Status of MetroHealth Contracts

55.     Bids were due for the MetroHealth South Campus Geriatric Roof Replacement Capital Construction Project on or about May 11, 2007.

56.     On June 8, 2007, a taxpayer letter was sent by Plaintiffs pursuant to Ohio Revised Code Sections 309.12 and 309.13 to the Cuyahoga County Prosecutor's Office and to William West, General Counsel for The MetroHealth System, requesting both to take actions to restrain the MetroHealth Board of Trustees from entering into an unlawful PLA or to prevent them from awarding any contract for construction containing said unlawful PLA.

57.     No response to this June 8, 2007 taxpayer letter was received from MetroHealth or from the Cuyahoga County Prosecutor's Office until a phone call with MetroHealth's outside legal counsel on July 9, 2007.  (A letter memorializing this conversation is attached as "Exhibit D").

58.     Through this conversation with MetroHealth's outside legal counsel, it was discovered that despite the taxpayers request to enjoin the award of any contract containing this

unlawful PLA, the contract for the South Campus Geriatric Roof Replacement Project had been awarded to Building Technicians and work on the Project had commenced.

59.     As outside legal counsel for The MetroHealth System informed Plaintiffs, the work on the South Campus Roof Replacement was 20% complete as of July 9, 2007.  (See "Exhibit D")

60.     On July 12, 2007, Plaintiffs received a letter from the Cuyahoga County Prosecutor's Office refusing to institute a civil action to restrain The MetroHealth System Board of Trustees from entering into or proceeding with the contract for the Hamann and Bell Greve Buildings Roof Replacement Capital Construction Project, (currently known and out for bid as the "Hamman and Bell Greve/CT Roof and HVAC Replacement Projects") that contained the unlawful PLA.  (Attached as "Exhibit E").

61.     To be in compliance with Revised Code Sections 339.12 and 339.13, a second taxpayer letter was sent to the Cuyahoga County Prosecutor's Office regarding the same illegal PLA as it specifically applied to the South Campus Geriatric Roof Replacement Project that was awarded to Building Technicians.  (Attached as "Exhibit F").  This act was in vain as the Cuyahoga County Prosecutor's Office made it clear it intended not to act to restrain The MetroHealth System Board of Trustees from implementing these unlawful PLAs.

62.     The first bids for the Hamann and Bell Greve Buildings Roof Replacement Capital Construction Project, currently known as the Hamman and Bell Greve/CT Roof and HVAC Replacement Projects, were opened on or about May 11, 2007.  Plaintiff Industrial Energy Systems, Inc. was the lowest bidder for this Project.

63.     However, after notifying the Architect for MetroHealth that Plaintiff Industrial Energy Systems, Inc. would not enter into the unlawful PLA attached to the contract for the

Project, MetroHealth decided to re-bid the Hamann and Bell Greve Buildings Roof Replacement Capital Construction Project.

64.     The Hamann and Bell Greve Buildings Roof Replacement Capital Construction Project was set for re-bid with the same unlawful PLA that Plaintiff Industrial Energy Systems, Inc. had informed MetroHealth's Architect was illegal the first time.

65.     On July 16, 2007, bids were opened a second time for the Hamann and Bell Greve Buildings Roof Replacement Capital Construction Project.  For a second time, Industrial Energy Systems, Inc. was the lowest bidder for the Project.

66.     Immediately after the bids were opened, Plaintiff Industrial Energy Systems sent the Board of Cuyahoga County Commissioners a letter alleging the PLA attached to the contract for construction of the Hamann and Bell Greve Buildings Roof Replacement Capital Construction Project was unlawful, and Industrial Energy Systems would not be a party to an illegal PLA.  (Attached as "Exhibit G").

67.     On July 19, 2007, Plaintiff Industrial Energy Systems received a letter from Jack Applegate, Director of Construction Management for The MetroHealth System returning Industrial Energy Systems' bid bond and rejecting all bids for the Project for a second time. (Letter from MetroHealth is attached as "Exhibit H").

68.     July 25, 2007, the Plaintiffs sent the Cuyahoga County Prosecutor and outside Legal Counsel for The MetroHealth System a letter informing them that the Taxpayers would file the instant lawsuit if the Hamann and Bell Greve Buildings Roof Replacement Capital Construction Project was set for bid a third time containing the same unlawful PLA discussed herein.  (Attached as "Exhibit I").

19

69.     On July 30, 2007, the Hamann and Bell Greve Buildings Roof Replacement Capital Construction Project was put out for bid a third time by Defendants but the name of the Project was changed to the "Combined Hamman and Bell Greve/CT Roof and HVAC Replacement Projects."  For a third time, the bid documents contained the same unlawful PLA that was included with the first two bids for the Project.

## FEDERAL CLAIMS

### Count I Violation of the NRLA and Preemption

70.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 49 of this Complaint.

71.     The United States Constitution explicitly provides for the preemption of certain state laws.  Article VI, Clause 2, provides that the "Laws of the United States . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the . . . Laws of any State to the contrary notwithstanding."  Where Congress has created legislation to regulate or to leave unregulated certain activities, such federal legislation generally preempts any state legislation to the contrary.

72.     The NLRA acts to protect certain rights of labor and management against governmental interference.

73.     These rights include, but are not limited to, the right to be free from government regulation and interference in the collective bargaining process regarding wages, hours and other terms or conditions of employment on present and future public and private work/projects.

74.     Present and future wages, hours and other terms or conditions of employment on public and private work/projects are to be negotiated and determined by the "free play of economic forces" between management and labor through the collective bargaining process.

75.     Defendants' PLA requiring all contractors and subcontractors who are successful bidders on the Projects at issue to become bound by the terms of a collective bargaining agreement, which is not limited in time or scope, and instead applies to all present and future work/projects is preempted by 29 U.S.C. § 151 and runs afoul of the U.S. Supreme Court's decision in *Building and Constructions Trades Counsel v. Associated Builders & Contractors* (1993), 507 U.S. 218; 113 S. Ct. 1190; 122 L. Ed. 2d 565 (commonly known as "*Boston Harbor*").

76.     Defendants have unlawfully interfered with the rights of Plaintiff Industrial Energy Systems, Inc. and other ABC contractor members and employees thereof by enacting this PLA so as to restrain them in the exercise of their lawful rights.

77.     Plaintiff Industrial Energy Systems, Inc. and other ABC contractor members and employees thereof have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm from these PLAs by having been deprived of the protections established by the NLRA.

78.     Plaintiffs are entitled to a judgment declaring that these PLAs are preempted by the NLRA, and entitled to an order enjoining the Defendants and Defendant Unions from enforcing these PLAs, or otherwise declaring the PLAs to be invalid, void and unenforceable.

### Count II 42 U.S.C. § 1983 Due Process

79.     Plaintiffs incorporate by reference the allegations of set forth in Paragraphs 1 through 58 of this Complaint.

80.     42 U.S.C. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . ."

81.     The PLAs constitutes a deprivation of rights, privileges and immunities secured by the United States Constitution, federal law and state law.  Numerous ABC contractors, including Plaintiff Industrial Energy Systems, Inc. are ready, willing, and able to bid and/or perform construction services on the Projects at issue.  Because of the unreasonable and unlawful requirements/restrictions contained in the PLAs and imposed by the Defendants, Plaintiffs have been denied an opportunity to obtain work at The MetroHealth System.

82.     The Defendants, acting under color of law, has in violation of 42 U.S.C. § 1983, deprived the contractors ABC represents and employees thereof of their rights, privileges and immunities secured by federal and state law, with the result that they have been injured forcing ABC to incur attorneys' fees to protect their rights.

## Count III Declaratory Judgment

83.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 62 of this Complaint.

84.     Plaintiffs are entitled to a declaration under 28 U.S.C. § 2201 of the rights, duties, and responsibilities of ABC contractor members, taxpayers and Defendants arising from the MetroHealth System Board of Trustees' mandate of two unlawful PLAs incorporated into the construction contracts for the Projects in violation of federal labor law, Ohio law, and the Constitution of the United States.

85.     An actual and justiciable dispute exists between the parties for which Plaintiffs lack an adequate remedy at law and are entitled to a declaration of rights from the Court.

## Count IV Injunctive Relief

86.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 65 of this Complaint.

87.     As a result of Defendants' unlawful actions in requiring these PLAs, Plaintiffs' have no other adequate remedy at law, but to seek injunctive relief.  Plaintiffs and ABC member contractors have suffered and will continue to suffer irreparable harm if an injunction does not issue.

88.     Plaintiffs possess a likelihood of success on the merits in this matter.

89.     Plaintiffs are entitled to injunctive relief prohibiting enforcement of these PLAs and injunctive relief preventing the award of any construction contracts subject to the terms of the unlawful PLAs.

## Count V 42 U.S.C. § 1983 Equal Protection

90.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 69.

91.     Plaintiffs are entitled to relief under 42 U.S.C. § 1983.  Acting under color of state law, Defendants are engaging in conduct with the knowledge that such conduct would have the effect of denying Plaintiffs' Fourteenth Amendment Rights to Equal Protection.

92.     The unlawful PLAs at issue has the effect of discriminating against Plaintiff Industrial Energy Systems, Inc. and other contractors that ABC represents in the public procurement process and will preclude the award of work at The MetroHealth System to Merit Shop contractors as a class, because the PLAs were not properly drafted, i.e. limited in time and scope, in accordance with the U.S. Supreme Court's narrow confines dictated in its decision rendered in *Boston Harbor, Supra*.

93.     These PLAs allows for unequal treatment on the basis of union affiliation and is without a rational basis in that Merit Shop contractors possess the requisite skill, ability, and integrity and are fully capable of providing continuous cooperative construction services required for a timely, thorough and cost-effective construction for the Projects.

94.     As a result of the continuing arbitrary, capricious and unlawful conduct of the Defendants, Plaintiffs have sustained and continue to sustain damages resulting from the violation of their Fourteenth Amendment Equal Protection Rights, with the result that they have been injured, forcing Plaintiffs to incur attorneys' fees to protect their rights.

## STATE LAW PENDANT CLAIMS

### Count VI Taxpayer Action

95.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 74.

96.     The PLAs included in the contracts for construction of the Projects at issue herein is void, unlawful and preempted by the NLRA.  Hence, the contracts for construction of the Projects are void and unlawful and any payments made to contractors by the Defendants working under such void or unlawful contracts are misappropriated funds that must be recovered by the County.

97.     Pursuant to Ohio Revised Code Section 309.12, a County Taxpayer may bring an action upon being satisfied that the funds of the County, or public money belonging to the County, or in the hands of the County Treasurer have been or are about to be misapplied, or that a contract in contravention of law has been executed, or is about to be entered into, which would result in the misapplication of County funds.

24

98.     Plaintiffs Michael Dragics and Industrial Energy Systems are Taxpayers residing or conducting business in Cuyahoga County, Ohio.

99.     Plaintiff Taxpayers pursuant to R.C. 309.13 sent the Cuyahoga County Prosecutor a written request to investigate and institute a civil action as contemplated in R.C. 309.12 against the Defendants to restrain the execution of these unlawful contacts containing these PLAs and prevent the misapplication of County funds.

100.    After thirty days, the Cuyahoga County Prosecutor's Office sent a letter to Plaintiff Taxpayers declining to act against the PLAs and Defendants.  As a result of the Prosecuting Attorney's inaction, the Plaintiff Taxpayers have brought this action in the name of the State to recover misapplied funds for the County and to prevent the execution of illegal contracts.

101.    The Plaintiff Taxpayers request declaratory and injunctive relief against the Defendants to restrain them from entering into any contracts containing these unlawful PLAs and further seek an order from the Court to enjoin any construction project currently underway at The MetroHealth System that is subject to the terms of these unlawful PLAs.

102.    Plaintiff Taxpayers are further entitled to injunctive relief prohibiting the enforcement of these unlawful PLAs and injunctive relief preventing the award of any construction contracts subject to the terms of the unlawful PLAs.

103.    The Plaintiff Taxpayers pray for an award of attorneys' fees and costs pursuant to R.C. 339.13 and also an order from the Court requiring the return of any misappropriated funds to the County Treasury which were illegally expended by Defendants due to these illegal contracts for construction.

## Count VII The Ohio Constitution

104.    Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 83.

105.    Article I, §§1, 16 and 19 of the Ohio Constitution protects Plaintiffs in the enjoyment of their liberty and property including the right to engage in their lawful occupations. Plaintiffs are also entitled to equal protection under the laws of Ohio under Article I, § 2.

106.    Plaintiffs' exercise and enjoyment of their rights under the Ohio Constitution has been interfered with in that Defendants are depriving Plaintiffs of the opportunity to work on the Projects at issue absent Plaintiffs willingness to sign the unlawful PLAs.

**Requests for Relief**

WHEREFORE, Plaintiffs respectfully requests the Court to:

A.    Enter a judgment declaring that the PLAs on the Projects at issue is in violation of federal and state law.

B.    Enter a judgment declaring the PLAs are preempted by the National Labor Relations Act, 29 U.S.C. § 151 *et. seq.*

C.    Issue an order for a preliminary and permanent injunction to enjoin and restrain Defendants from requiring the execution or enforcement the unlawful PLAs in present and future contracts for construction at The MetroHealth System and/or by other public authorities including, but not limited to the Cuyahoga County Board of Commissioners.

D.    Issue an order requiring the return of any misappropriated funds to the County Treasury expended by Defendants due to the illegal contracts executed for the construction of the Projects pursuant to Ohio Revised Code Sections 309.12 and 309.13.

E.      Issue an order for preliminary and permanent injunction against Defendants requiring them to immediately stop work on all Projects containing this unlawful PLA and require Defendants to re-bid the work for the Projects without the PLA.

F.      Issue an award attorneys' fees and costs to Plaintiffs pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and Revised Code Sections 309.12 and 309.13.

G.      Grant Plaintiffs such other relief as the Court may deem appropriate.

Respectfully submitted,


ss//Alan G. Ross
Alan G. Ross (0011478)
Nick A. Nykulak (0075961)
Ross, Brittain & Schonberg Co., L.P.A.
6000 Freedom Square Drive, Suite 540
Cleveland, Ohio 44131
Tel: 216-447-1551 / Fax:  216-447-1554
Email:  Alanr@rbslaw.com

COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 02, 2007, copies of the foregoing First Amended Verified Complaint and Request for Declaratory and Injunctive Relief were filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and <u>via electronic mail</u> upon the following:

    David G. Lambert, Esq.
    General Civil Division
    1200 Ontario St. 8th Floor
    Cleveland, OH 44115
    <u>p4dgl@cuyahogacounty.us</u>

    Anthony F. Stringer, Esq.
    1400 KeyBank Center
    800 Superior Avenue
    Cleveland, Ohio 44114-2688
    <u>astringer@calfee.com</u>

                      <u>s//Alan G. Ross</u>
                      COUNSEL FOR PLAINTIFFS